IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

MICHAEL E. MITCHUM,

        Plaintiff,                     No. CIV S-07-0158 DFL DAD P

    vs.

YOLO COUNTY SHERIFF'S
DEPT. DIRECTOR, et al.,

        Defendants.             ORDER

_____/

        Plaintiff is a state prisoner proceeding pro se. Plaintiff seeks relief pursuant to 42 U.S.C. § 1983 and has filed an application to proceed in forma pauperis under 28 U.S.C. § 1915. This proceeding was referred to the undersigned magistrate judge in accordance with Local Rule 72-302 and 28 U.S.C. § 636(b)(1).

        Plaintiff has submitted an in forma pauperis application that makes the showing required by 28 U.S.C. § 1915(a). Accordingly, plaintiff will be granted leave to proceed in forma pauperis.

        Plaintiff is required to pay the statutory filing fee of $350.00 for this action. See 28 U.S.C. §§ 1914(a) & 1915(b)(1). An initial partial filing fee of $0.02 will be assessed by this order. See 28 U.S.C. § 1915(b)(1). By separate order, the court will direct the appropriate

1

agency to collect the initial partial filing fee from plaintiff's jail trust account and forward it to the Clerk of the Court. Thereafter, plaintiff will be obligated to make monthly payments of twenty percent of the preceding month's income credited to plaintiff's jail trust account. These payments will be collected and forwarded by the appropriate agency to the Clerk of the Court each time the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full. See 28 U.S.C. § 1915(b)(2).

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. See 28 U.S.C. § 1915A(b)(1) & (2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989); Franklin, 745 F.2d at 1227.

A claim should be dismissed for failure to state a claim upon which relief may be granted only if it appears beyond doubt that plaintiff can prove no set of facts in support of the claim that would entitle him to relief. Hishon v. King & Spalding, 467 U.S. 69, 73 (1984) (citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957)); Palmer v. Roosevelt Lake Log Owners Ass'n, 651 F.2d 1289, 1294 (9th Cir. 1981). In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint. See Hospital Bldg. Co. v. Rex Hosp. Trustees, 425 U.S. 738, 740 (1976). The court must also construe the pleading in the light most favorable

to the plaintiff and resolve all doubts in the plaintiff's favor. See Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

The Civil Rights Act under which this action was filed provides as follows:

> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. The statute requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff. See Monell v. Department of Social Servs., 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976). "A person 'subjects' another to the deprivation of a constitutional right, within the meaning of § 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

Moreover, supervisory personnel are generally not liable under § 1983 for the actions of their employees under a theory of respondeat superior and, therefore, when a named defendant holds a supervisorial position, the causal link between him and the claimed constitutional violation must be specifically alleged. See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978), cert. denied, 442 U.S. 941 (1979). Vague and conclusory allegations concerning the involvement of official personnel in civil rights violations are not sufficient. See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

In the present case, the named defendants are John Doe, Director/Chief of Yolo County Sheriff's Department; Sergeant A.E. Velenueva; Does 1-5, medical and dental physicians in private contract with the Yolo County Sheriff's Department at the Monroe Detention Center; and Does 5-10, lieutenants, sergeants, and officers employed by Yolo County Sheriff's Department.

Plaintiff alleges that defendants have denied him adequate dental care for an abscessed cavity in violation of his Eighth Amendment rights.  Specifically, plaintiff alleges as follows.  Since arriving at Yolo County's Monroe Detention Center, he has filed more than two pink medical slips for dental care, the third slip filed on January 15, 2007.  Plaintiff has seen dental physicians twice and explained to them the problem he is experiencing.  Plaintiff has also explained that dental staff at New Folsom Prison, where he was previously housed, refused to provide him with dental care because he was approaching his parole date.  However, New Folsom staff told plaintiff that his abscessed cavity needed immediate dental care and that he should notify the dental staff at his next facility.  At some point before January 15, 2007, dental staff at the Monroe Detention Center informed plaintiff that his cavity was not sufficiently severe for them to pull the tooth.  Staff also informed plaintiff that they would not be able to fix the tooth for monetary reasons.  Plaintiff alleges that he has been unable to function and eat normally and claims that he could have avoided tooth decay if defendants had provided him with adequate dental care.

Plaintiff seeks declaratory relief, monetary damages in the amount of $50,000, compensatory damages in the amount of $50,000, punitive damages in the amount of $100,000, attorneys fees, and all other relief the court deems equitable and fair.

The allegations in plaintiff's complaint are so vague and conclusory that the court is unable to determine whether the current action is frivolous or fails to state a claim for relief. Plaintiff has not alleged any specific facts that would establish an actual connection or link between the action of any of the defendants and the deprivation he allegedly suffered.  In order to state a cognizable Eighth Amendment claim plaintiff must allege facts such as the dates he sought care, the defendants he saw on those specific occasions as well as the actions taken by those defendants which resulted in him being denied adequate care.  Because the complaint contains no such factual allegations, it does not contain a short and plain statement as required by Fed. R. Civ. P. 8(a)(2).  Although the Federal Rules adopt a flexible pleading policy, a complaint

4

1 must give fair notice to the defendants and must allege facts that support the elements of the
2 claim plainly and succinctly.  Jones v. Community Redev. Agency, 733 F.2d 646, 649 (9th Cir.
3 1984).  Plaintiff must allege with at least some degree of particularity overt acts which
4 defendants engaged in that support his claims.  Id.  Because plaintiff has failed to comply with
5 the requirements of Fed. R. Civ. P. 8(a)(2), the complaint must be dismissed.  The court will,
6 however, grant leave to file an amended complaint.

7      If plaintiff chooses to file an amended complaint, plaintiff must demonstrate how
8 the conditions complained of resulted in a deprivation of plaintiff's federal constitutional or
9 statutory rights.  See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980).  The amended complaint
10 must allege in specific terms how each named defendant was involved in the deprivation of
11 plaintiff's rights.  There can be no liability under 42 U.S.C. § 1983 unless there is some
12 affirmative link or connection between a defendant's actions and the claimed deprivation.  Rizzo
13 v. Goode, 423 U.S. 362 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v.
14 Duffy, 588 F.2d 740, 743 (9th Cir. 1978).  Vague and conclusory allegations of official
15 participation in civil rights violations are not sufficient.  Ivey v. Board of Regents, 673 F.2d 266,
16 268 (9th Cir. 1982).

17      Plaintiff is informed that the court cannot refer to a prior pleading in order to
18 make plaintiff's amended complaint complete.  Local Rule 15-220 requires that an amended
19 complaint be complete in itself without reference to any prior pleading.  This is because, as a
20 general rule, an amended complaint supersedes the original complaint.  See Loux v. Rhay, 375
21 F.2d 55, 57 (9th Cir. 1967).  Once plaintiff files an amended complaint, the original pleading no
22 longer serves any function in the case.  Therefore, in an amended complaint, as in an original
23 complaint, each claim and the involvement of each defendant must be sufficiently alleged.

24      Accordingly, IT IS HEREBY ORDERED that:

25      1. Plaintiff's February 13, 2007 application to proceed in forma pauperis is
26 granted.

      2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action. Plaintiff is assessed an initial partial filing fee of $0.02. All fees shall be collected and paid in accordance with this court's order to the Chief Commander of the Yolo County Detention Facilities filed concurrently herewith.

      3. Plaintiff's complaint is dismissed.

      4. Plaintiff is granted thirty days from the date of service of this order to file an amended complaint that complies with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice; the amended complaint must bear the docket number assigned to this case and must be labeled "Amended Complaint"; failure to file an amended complaint in accordance with this order will result in a recommendation that this action be dismissed without prejudice.

DATED: February 27, 2007.

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:9
mitc0158.14