IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

MICHAEL E. MITCHUM,

      Plaintiff,

vs.

YOLO COUNTY SHERIFF'S DEPARTMENT, DIRECTOR, et al.,

      Defendants.

Case No. 2:07-cv-00158 JKS DAD P

ORDER

      Plaintiff, an inmate proceeding pro se, filed this civil rights action seeking relief under 42 U.S.C. § 1983. Currently before the Court is Plaintiff's motion seeking a further extension of sixty days to file an amended complaint. Docket No. 18.

      In February 2007, a United States Magistrate Judge dismissed Plaintiff's complaint because it was too vague to determine if it stated a claim. Docket No. 9. Plaintiff was ordered to file an amended complaint within thirty days. *Id*. After the time had elapsed the magistrate judge recommended Plaintiff's action be dismissed for failure to file an amended complaint as instructed. Docket No. 13. Plaintiff filed objections to the findings and recommendations, essentially requesting additional time because of difficult conditions in the Yolo County Jail. Docket No. 14. In March 2008, this Court, gave Plaintiff a final extension of thirty days to comply with the order filed February 28, 2007. Docket No. 17. The Court explicitly warned Plaintiff that it would not grant any further extensions. *Id*.

      Plaintiff was ordered to file an amended complaint over a year before this Court gave Plaintiff a final thirty days to comply. Plaintiff has had ample time to research the legal bases of his claims. Moreover, to satisfy the pleading requirements, Plaintiff need not engage in legal research

1

or argument. As succinctly stated by the magistrate judge over one year ago, Plaintiff's initial complaint was deficient because it failed to allege *facts*:

> The allegations in plaintiff's complaint are so vague and conclusory that the court is unable to determine whether the current action is frivolous or fails to state a claim for relief. Plaintiff has not alleged any specific facts that would establish an actual connection or link between the action of any of the defendants and the deprivation he allegedly suffered. In order to state a cognizable Eighth Amendment claim plaintiff must allege facts such as the dates he sought care, the defendants he saw on those specific occasions as well as the actions taken by those defendants which resulted in him being denied adequate care. Because the complaint contains no such factual allegations, it does not contain a short and plain statement as required by Fed. R. Civ. P. 8(a)(2). Although the Federal Rules adopt a flexible pleading policy, a complaint must give fair notice to the defendants and must allege facts that support the elements of the claim plainly and succinctly. Jones v. Community Redev. Agency, 733 F.2d 646, 649 (9th Cir. 1984). Plaintiff must allege with at least some degree of particularity overt acts which defendants engaged in that support his claims. *Id*. Because plaintiff has failed to comply with the requirements of Fed. R. Civ. P. 8(a)(2), the complaint must be dismissed. The court will, however, grant leave to file an amended complaint.

Docket No. 9 at 4-5. The magistrate judge also gave Plaintiff instructions on what to include should he choose to file an amended complaint:

> If plaintiff chooses to file an amended complaint, plaintiff must demonstrate how the conditions complained of resulted in a deprivation of plaintiff's federal constitutional or statutory rights. See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980). The amended complaint must allege in specific terms how each named defendant was involved in the deprivation of plaintiff's rights. There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. Rizzo v. Goode, 423 U.S. 362 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978). Vague and conclusory allegations of official participation in civil rights violations are not sufficient. Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).
>
> Plaintiff is informed that the court cannot refer to a prior pleading in order to make plaintiff's amended complaint complete. Local Rule 15-220 requires that an amended complaint be complete in itself without reference to any prior pleading. This is because, as a general rule, an amended complaint supersedes the original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Once plaintiff files an amended complaint, the original pleading no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

*Id*. at 5. As such, Plaintiff will not be given a further extension.

/////

/////


ORDER

Accordingly, **IT IS HEREBY ORDERED** that Plaintiff's request for an extension of time at Docket No. 18 is DENIED.

Dated this the 27th day of March 2008.

/s/ James K. Singleton, Jr.
**JAMES K. SINGLETON, JR.**
United States District Judge

ORDER